# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD DARNELL HOLMES, | ) | Case No. 5:25-mc-00017 |
| | ) | |
| Movant, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

Reginald Darnell Holmes moved in this Court, without a lawyer, to withdraw the reference of his case to the United States Bankruptcy Court for the Northern District of Ohio (Case No. 25-50607).  Movant contends that only an Article III court can lawfully exercise jurisdiction over his claims in bankruptcy.  The United States Trustee opposes the motion, arguing that Plaintiff fails to make allegations that warrant withdrawal of the reference to the bankruptcy court.  For the reasons that follow, the Court **DENIES** Movant's motion.

## FACTUAL AND PROCEDURAL HISTORY

On April 9, 2025, Mr. Holmes filed a voluntary petition under Chapter 11 of the Bankruptcy Code in bankruptcy court.  (ECF No. 1, PageID #4; ECF No. 1-1, PageID #7; ECF No. 4, ¶ 1, PageID #26.)  Then, he filed a motion for withdrawal of the reference of his entire case due to the bankruptcy court's alleged lack of jurisdiction to adjudicate his constitutional claims.  (ECF No. 1-1, PageID #9; ECF No. 4, ¶ 3, PageID #26.)  Mr. Holmes stated that he did "not consent to adjudication

of [his] property, rights, or obligations by a United States Bankruptcy Court under Article I." (ECF No. 4, ¶ 4, PageID #27.)  The United States Trustee moved to dismiss the bankruptcy petition pursuant to 11 U.S.C. § 1112, contending that Mr. Holmes's petition on behalf of a corporation by a non-attorney was unauthorized and should be dismissed.  (ECF No. 1-1, PageID #9.)  The bankruptcy court stayed all matters pending the withdrawal of reference to this Court.  (*Id.*, PageID #12.)  On April 30, 2025, the matter was transmitted to this Court.  (*Id.*; ECF No. 1.)

## ANALYSIS

Article III of the Constitution provides that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." Art. III, § 1.  Pursuant to this power, Congress has established 94 federal district courts.  *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 668 (2015).  Following Congress's enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, district courts maintain original jurisdiction over bankruptcy matters and related proceedings.  *Id.*; 28 U.S.C. §§ 1334(a) & (b).

Under 28 U.S.C. §§ 157(a) and (b)(1), "[e]ach district court may provide that any or all cases under title 11 . . . shall be referred to the bankruptcy judges for the district," who "may hear and determine all cases under title 11 and all core proceedings arising under title 11 . . . and may enter appropriate orders and judgments, subject to review" of the district courts.  But bankruptcy courts are limited in their adjudication of such matters.  For example, bankruptcy courts may not

2

"decide certain claims for which litigants are constitutionally entitled to an Article III adjudication." *Wellness Int'l Network*, 575 U.S. at 669; *Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 35 (2014); *Stern v. Marshall*, 564 U.S. 462, 503 (2011).

Section 157(d) specifies how district courts may withdraw proceedings from bankruptcy courts. That statute has both a mandatory and a permissive prong. Because Movant does not specify which prong applies, the Court will assess each in turn. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (acknowledging that the pleadings and documents *pro se* litigants file are liberally construed and held to less stringent standards than the formal pleadings of lawyers).

## I.    Mandatory Withdrawal

"The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d); *see also Martin v. Friedman*, 133 B.R. 609, 612 (N.D. Ohio 1991).   "The moving party bears the burden of demonstrating that the reference should be withdrawn." *In re O'Neal*, No. 5:08-mc-00043, 2008 WL 3932153, at *3 (N.D. Ohio Aug. 20, 2008) (citation omitted). "[W]ithout truly exceptional and compelling circumstances, a motion for withdrawal of reference will not be well received." *In re Onyx Motor Car Corp.*, 116 B.R. 89, 91 (S.D. Ohio 1990).

Mandatory withdrawal only applies where the claim is "substantial and material," and "Section 157(d) must therefore be read to require withdrawal not simply whenever non-code federal statutes will be *considered* but rather only when

3

such consideration is necessary for *resolution* of a case or proceedings." *Michigan Milk Producers Ass'n v. Hunter*, 46 B.R. 214, 216 (N.D. Ohio 1985) (quoting *In re White Motor Corp.*, 42 B.R. 693, 703 (N.D. Ohio 1984)).  Movant contends that this case qualifies for mandatory withdrawal because it "involves substantial interpretation of constitutional law outside Title 11."  (ECF No. 3, PageID #22.)

### I.A.  General Claims

Generally, Mr. Holmes claims that "the matters before the court involve the exercise of fundamental rights" and that he invoked constitutional rights "secured under the First, Fifth, Ninth, and Tenth Amendments."  (ECF No. 1, PageID #1–2.) Despite the liberal construction granted to the interpretation of the filings of *pro se* litigants, *Martin*, 391 F.3d at 712, such litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Without more, the Court cannot determine how these constitutional rights are implicated in Mr. Holmes's bankruptcy filing.

Also, Plaintiff lists a table of authorities, consisting of numerous Supreme Court cases, constitutional amendments, articles, and federal statutes.  (ECF No. 1, PageID #2–3.)  He provides no context regarding how any of these authorities apply to this matter, and it is not incumbent on the Court to conjure such an argument for him.  *Wells*, 891 F.2d at 594.  Moreover, none of these authorities supports Plaintiff's contention that the bankruptcy court cannot adjudicate his petition.  Indeed, the Supreme Court cases to which Movant points delineate what bankruptcy courts can and cannot adjudicate.  *See, e.g.*, *Stern*, 564 U.S. at 503 (determining that bankruptcy

4

courts may not decide claims for which litigants are entitled to an Article III adjudication regarding constitutional rights).

## I.B. Separation of Powers

Mr. Holmes contends that "[t]he filing of bankruptcy implicates federal protections, including the automatic stay and the fundamental right to seek equitable relief" and that "[t]he authority to administer these protections must be exercised consistent with the constitutional separation of powers, which is not present in the current bankruptcy venue." (ECF No. 1, PageID #2.)  Further, he alleges that "the Bankruptcy Court's retention of jurisdiction over this case violates the separation of powers doctrine." (ECF No. 1, PageID #4.)  But "there is no indication that Congress gave bankruptcy courts the ability to decide *Stern* claims in an effort to aggrandize itself or humble the judiciary." *Wellness Intern. Network*, 575 U.S. at 679.  The Supreme Court has held that "allowing bankruptcy litigants to waive the right to Article III adjudication of *Stern* claims does not usurp the constitutional prerogatives of Article III courts." *Id.*  This is so because bankruptcy judges "are appointed and subject to removal by Article III judges" and "hear matters solely on a district court's reference." *Id.* (quoting *Peretz v. United States*, 501 U.S. 923, 937 (1991)).  "'[S]eparation of powers concerns are diminished' when, as here, 'the decision to invoke [a non-Article III] forum is left entirely to the parties and the power of the federal judiciary to take jurisdiction' remains in place." *Id.* (quoting *Commodity Futures Trading Comm'n v. Shor*, 478 U.S. 833, 855 (1986)).

5

### I.C.    Consent and Judicial Authority

Movant claims that "filing bankruptcy is a constitutionally secured right, under which no judge may act without express party consent." (ECF No. 1, PageID #4.)  But "Article III does not confer on litigants an absolute right to the plenary consideration of every nature of claim by an Article III court." *Commodity Futures Trading Comm'n*, 478 U.S. at 848 (citations omitted).  Further, the "guarantee of an impartial and independent federal adjudication is subject to waiver, just as are other personal constitutional rights." *Id.*  Plaintiff contends that "[i]n Northern Pipeline, the U.S. Supreme Court made clear that legislative courts lack judicial authority." (ECF No. 1, PageID #4.)  Not so.  There, the Supreme Court determined that "it is clear that when Congress creates a substantive federal right, it possesses substantial discretion to prescribe the manner in which that right may be adjudicated—including the assignment to an adjunct of some functions historically performed by judges." *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 80 (1982).

In *Stern*, a four-Justice dissent maintained that recent cases viewed *Northern Pipeline* as "establish[ing] only that Congress may not vest in a non-Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without consent of the litigants and subject only to ordinary appellate review."  *Stern*, 564 U.S. at 510 (Breyer, J., dissenting).  In response, the *Stern* majority gave this view the back of the hand: "Just so:  Substitute 'tort' for 'contract,' and that statement directly covers this case." *Id.* at 494; *see also Wellness Intern. Network*, 575 U.S. at 681–82.  That is, bankruptcy courts have statutory authority to enter final judgment on core proceedings pursuant

6

to 28 U.S.C. § 157(b)(2)(C), and this grant of statutory authority does not violate the Constitution.  *Stern*, 564 U.S. at 475.

*     *     *

For the foregoing reasons, the Court determines that Movant fails to establish that the mandatory withdrawal prong of 28 U.S.C. § 157(d) applies to this matter.

## II.    Permissive Withdrawal

"The district court may withdraw, in whole or in part, any case or proceeding . . . on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  Courts in this Circuit interpret "cause" under this statute to mean, among other things, the furtherance of "judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core."  *In re O'Neal*, 2008 WL 3932153, at *2; *see also In re Onyx Motor Car Corp.*, 116 B.R. at 91.  "If one, or a combination of these factors is satisfied, the Court may find that 'cause' exists."  *In re Onyx Motor Car Corp.*, 116 B.R. at 91.

### II.A.   Core Proceeding

A district court "considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn."  *In re Brown*, No. 2:14-cv-2014, 2015 WL 2238097, at *2 (S.D. Ohio May 12, 2015).  A core proceeding is one that "either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy.'"  *In re Lowenbraun*, 453 F.3d 314, 320 (6th Cir. 2006)

7

(quoting *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 483 (6th Cir. 1992)).  "The bankruptcy judge rules on whether a particular proceeding is a core proceeding."  *Sanders Confectionary Prods.*, 973 F.2d at 483 (citing 28 U.S.C. § 157(b)(3)).  Review of the bankruptcy court record reveals that no such determination has yet been made.  Further, as previously noted, Mr. Holmes provides no description or any indication of the nature of his claims, let alone whether they are core or non-core.  At face value, however, the Court has no reason to believe that Movant presents anything other than a core proceeding.  That is, based on the record, the Court does not see how the proceeding before the bankruptcy court involving Mr. Holmes could be anything other than a matter "concerning the administration of the estate," a core proceeding included in 28 U.S.C. § 157(b)(2)(A).  *In re Teter*, No. 1:21-cv-00334, 2022 WL 3358114, at *2 (N.D. Ohio Aug. 15, 2022).

Movant argues that the core determination is not premature because "[j]urisdictional questions must be resolved first."  (ECF No. 3, PageID #23.)  But his argument rests on a misinterpretation of Supreme Court precedent.  In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998), the Supreme Court declined to endorse the doctrine of hypothetical jurisdiction to proceed immediately to a merits question notwithstanding jurisdictional objections.  Here, the fact that the bankruptcy court has not yet determined whether Plaintiff's claims are core proceedings makes this issue premature.  *In re Infotopia, Inc.*, No. 4:07-mc-00019, 2007 WL 2859774, at *3 (N.D. Ohio Sept. 26, 2007).  Movant's other cited case, *Stern*, 564 U.S. at 476, recognized this exact procedure, discussing how the bankruptcy

judge must first determine whether the proceeding is a core proceeding.  Therefore, the issue of whether Plaintiff's claims are core or non-core is premature.

### II.B.  Other Factors

While the Court could end its inquiry with the core proceeding factor, *In re Onyx Motor Car Corp.*, 116 B.R. at 91, the Court notes that none of the other factors that courts in this Circuit consider to warrant "cause" for permissive withdrawal are met.  No party has requested a jury trial.  Further, such a removal would disrupt judicial economy and uniformity in bankruptcy administration.  In *FirstEnergy Solutions Corp. v. Bluestone Energy Sales Corp.*, No. 5:19-mc-95, 2019 WL 3423157, at *2 (N.D. Ohio July 30, 2019), the court determined that "the Bankruptcy Court is fully knowledgeable about the parties and the claims" and that withdrawing the proceeding to the district court "would create piece-meal determinations of possibly intimately intertwined issues."  So too here.  Because the Court sees no reason why the bankruptcy court is not better suited to address Movant's claims, it cannot determine that a single factor warrants permissive withdrawal of the proceeding.

\*     \*     \*

For the foregoing reasons, the Court determines that Mr. Holmes has failed to establish that the permissive withdrawal prong of 28 U.S.C. § 157(d) applies to this matter.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Movant's motion.  (ECF No. 1.)  Accordingly, Movant's notice of withdrawal of his petition for review in this Court is moot.

9

**SO ORDERED.**

Dated:  October 9, 2025

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio